[No. G007925. Fourth Dist., Div. Three. Aug. 31, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS LOUIS FROEHLE, JR., Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡ Pursuant to California Rules of Court, rule 976(b), parts III-V of the majority opinion, and all of the concurring and dissenting opinion with the exception of the first paragraph and the first sentence of the third paragraph, are not published, as they do not meet the standards for publication.

## COUNSEL

Robert Valencia, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SONENSHINE, J.**—Thomas Louis Froehle, Jr., appeals from the imposition of a 16-year prison sentence, contending:

1. The court erroneously imposed a sentence of greater than six years following a commitment to the California Rehabilitation Center (CRC);

2. The court erred in applying Penal Code section 1170.95 to avoid the double-the-base-term limitation of Penal Code section 1170.1,[1] and his counsel's failure to argue the inapplicability of section 1170.95 in the trial court constituted ineffective assistance of counsel;

3. The court failed to give reasons for imposing the upper term on the principal charge and consecutive sentences on the remaining counts, and did not give him all the custody credits to which he was entitled.

In the published portion of this opinion, we reject his first argument. However, we find merit in the second and third contentions and remand the matter to the trial court for resentencing.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## I

On March 23, 1984, Froehle pleaded guilty to 15 counts of burglary (§ 459) and 1 count of receiving stolen property (§ 496, subd. 1). Counts 9, 10, 11, 13 and 14 were residential burglaries, and therefore designated as burglaries in the first degree. (§ 460.) First degree burglaries are punishable by imprisonment for two, four, or six years. (§ 461.) Counts 1 through 8, 12, and 15 were burglaries in the second degree and punishable by one year in jail or imprisonment for sixteen months, two years or three years. (§§ 460, 461, 18.) The second degree burglaries were committed principally against restaurants, dry cleaners and beauty salons.

All of the crimes occurred between November 12, 1983, and February 8, 1984. When entering his plea, Froehle acknowledged he could receive a prison sentence of "up to" 17⅓ years if CRC rejected him or if he violated parole from CRC. The written plea agreement designated count 9 as the principal term and specified the sentence range as two, four, or six years. Counts 1 through 8 and 10 through 14 listed the sentence as one-third the midterm which, depending on the degree of the offense, was two-thirds of a year and one and one-third years. On counts 15 and 16 the plea form stated, "0 per 1170.1 PC."

The plea was certified to the superior court. Froehle again told the court he understood that if he failed to complete the CRC treatment satisfactorily, he could be sentenced to 17⅓ years in prison. The court found Froehle in danger of heroin addiction, suspended the criminal proceedings, and issued an order of commitment referring him to CRC. The order of commitment reflected a maximum prison sentence of 17⅓ years. Three weeks later, the court corrected the April 2 order, nunc pro tunc, to reflect that CRC proceedings were instituted under section 3051 of the Welfare and Institutions Code.[2]

On May 8, the court again clarified its April 2 order as follows: "CRC commitment for 6 years maximum on [count] 9. Sentence stayed on [counts] 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16 pending appeal [and] completion of sentence on [count] 9, then stay becomes permanent. If [defendant] does not complete CRC program, he is to serve the state prison

---

[2] Welfare and Institutions Code section 3051 provides the statutory authorization for narcotic addict commitment proceedings for a defendant upon conviction for any crime. It provides in relevant part: "Upon conviction of a defendant for any crime in any superior court . . . and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility . . . ."

sentence." An amended order of commitment was prepared showing six years as Froehle's potential maximum sentence if sent to prison.[3]

Froehle was received at CRC on April 11, 1984. On May 3, 1985, he was placed on outpatient status. On September 11, Froehle was returned to CRC for violating conditions of his release by using heroin and attempting a petty theft. On July 1, 1986, Froehle was again released to outpatient status. He was returned to CRC on August 12 for violating conditions of his release by using heroin, moving without notifying his parole officer, and failing to seek or obtain gainful employment. On February 18, 1987, CRC approved another parole. By October, Froehle was back on cocaine and marijuana. On February 29, 1988, he was caught in the act of burglarizing a closed restaurant from which he took $200 in cash. On May 11, Froehle was sentenced to 16 months in state prison for that offense. On June 21, 1988, CRC notified the court that it was closing his "non-felon file . . . pursuant to Section 3109(b) [of the Welfare and Institutions] Code."

On February 22, 1989, Froehle appeared before the judge who had referred him to CRC. Defense counsel argued Froehle's sentence had been modified to a maximum of six years, and that the modification precluded the imposition of a longer term. The court replied the six years was imposed on one count only in order to facilitate Froehle's acceptance at CRC, because "[t]hey were going to kick him out, unless we set a maximum sentence of six years." The court told counsel that it had merely stayed sentences on the remaining counts until completion of the CRC program.

Counsel then argued the maximum possible sentence was 16 years, consisting of 6 years on count 9, and a total of 10 years for the subordinate terms under the authority of section 1170.95. The deputy district attorney asserted that section 1170.95, subdivision (b), eliminated the double-the-base-term limitation of section 1170.1. But he concurred that 16 years was the maximum sentence in the case.[4]

Finally, defense counsel asked the court to impose the middle term on count 9, citing the preplea probation report. The trial judge rejected this

---

[3] Although not reflected in the court's minutes or any other record for May 8, 1984, it is obvious the court's action was in consideration of Welfare and Institutions Code section 3052, subdivision (a)(2), which precludes the application of Welfare and Institutions Code section 3051 to any person " . . . whose conviction results in a sentence which, in the aggregate, exclusive of any credit . . . exceeds six years' imprisonment in state prison . . . ."

[4] After the court imposed 16 years and awarded custody credits, following discussions with the clerk, and on reflection, the deputy district attorney and the court agreed that the maximum sentence was 17⅓ years. However, after the deputy district attorney expressed a willingness to dismiss count 14 or otherwise agree to 16 years confinement, the court stayed sentence on count 14 to give effect to its judgment of 16 years in prison.

argument stating "I struck a bargain with the defendant. Gave him an opportunity. He entered into it, this plea . . . . [¶] The only thing that he was told is that he was going to spend a greater amount of time in the penitentiary than he actually will . . . . [¶] But, no. I think if he makes a bargain, he should stick to it. That was initially, you might say, an agreement between he and I, and I intend to—he didn't hold up his end of the bargain, but I intend to hold up mine."

The court imposed a six-year sentence on count 9, the principal charge. It also sentenced Froehle to consecutive terms of five and one-third years for the remaining four first degree burglary counts, six years for the second degree burglary charges, and stayed execution of the one and one-third year sentence on count 14.

## II

Froehle contends the trial court lacked jurisdiction to sentence him to a term greater than six years. He maintains that when the court entered a "clarification" of its April 2, 1984, order into the record, it essentially "modified" his sentence under the authority of section 1170, subdivision (d), which permits a recall and resentence within 120 days on the court's own motion. Froehle theorizes that since the court modified its sentence to six years, it could not impose a sixteen-year sentence nearly five years later.[5]

Respondent counters that section 1170, subdivision (d) is inapplicable inasmuch as Welfare and Institutions Code section 3201, subdivision (c), which allows the court to modify its sentence or order execution of a suspended sentence upon a defendant's return from CRC, is controlling.[6]

---

[5] Section 1170, subdivision (d) reads as follows: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

[6] Welfare and Institutions Code section 3201, subdivision (c) provides in relevant part, "At the termination of this period of parole supervision or of custody in the California Rehabilitation Center, the person shall be returned by the Director of Corrections to the court from which he or she was committed, which court shall discharge such person from the program and order him or her returned to the court which suspended execution of the person's sentence to state prison. Such court, notwithstanding any other provision of law, shall suspend or terminate further proceedings in the interest of justice, modify the sentence in the same manner as if the commitment had been recalled pursuant to subdivision (d) of Section 1170 of

Respondent avers that the court's 16-year sentence must be affirmed because there is no equitable reason to reverse it. Because Froehle failed to take advantage of the court's leniency and its "favor" of referral to CRC, he must serve the 16 years the court imposed.

Both counsel miss the point. The court did not impose sentence at the time it referred Froehle to CRC. As reflected by the April 2, 1984, minute order, criminal proceedings were suspended on that date. The abstract of judgment verifies this. The court said it was referring Froehle to CRC pursuant to section 3051 of the Welfare and Institutions Code, but its order actually resulted in a civil commitment to CRC pursuant to section 3100.[7] The fact Froehle entered CRC under a civil commitment is clear from his return to the court by CRC on June 21, 1988, pursuant to section 3109, subdivision (b) of the Welfare and Institutions Code, which governs the discharge of a person from CRC in a noncriminal case.

On the other hand, section 3051 of the Welfare and Institutions Code, by its terms, requires the imposition of sentence before commitment, and it requires the court to suspend the execution of that sentence while the defendant is at CRC. (*People* v. *Scott* (1984) 150 Cal.App.3d 910, 917-918 [198 Cal.Rptr. 124].) A return of a defendant to the court in such a case is governed by section 3053.

In this case, sentence was not imposed until February 22, 1989, when the prison term was pronounced. Although the procedure the court followed did not strictly conform to the procedures outlined in the relevant statutes, it gave Froehle the benefit of his bargain with the court. He was given the opportunity to go to CRC and overcome his narcotic addiction or serve substantial time in prison. Froehle, by his conduct, elected the latter. The sentence was properly imposed on February 22.

III-V*

. . . . . . . . . . . . . . . . . . .

---

the Penal Code, or order execution of the suspended sentence. Upon the ordering of the execution of such sentence, the term imposed shall be deemed to have been served in full."

[7] Welfare and Institutions Code section 3100 provides, in part: "Anyone who believes that a person is addicted to the use of narcotics or by reason of the repeated use of narcotics is in imminent danger of becoming addicted to their use . . . may report such belief to the district attorney, . . . who may, . . . petition the superior court for a commitment of such person to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility . . . ."

*See footnote, *ante*, page 1210.

The judgment of the lower court is reversed. The case is remanded with directions to resentence appellant in accordance with the views expressed in this opinion.

Wallin, Acting P. J., concurred.

**MOORE, J.,** Concurring and Dissenting.—I concur with parts I, II, III, and V of the majority opinion.

. . . . . . . . . . . . . . . . . . . . .*

However, I respectfully dissent from part IV of the majority opinion requiring the court, notwithstanding a negotiated plea agreement, to state its reasons for imposition of the upper term on count 9 and for consecutive subordinate terms.

. . . . . . . . . . . . . . . . . . . . .*

Appellant's petition for review by the Supreme Court was denied November 14, 1990.

---

*See footnote, *ante,* page 1210